**Harold and Joeanne ANTWINE, Plaintiffs–Appellants,**

v.

**PRUDENTIAL BACHE SECURITIES, INC., Defendant–Appellee.**

No. 89–4756
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 30, 1990.

See also, D.C., 735 F.Supp. 1331.

Michael Farrell, Wells, Moore, Simmons, Stubblefield & Neeld, Jackson, Miss., for plaintiffs-appellants.

Alan W. Perry, Ronald D. Collins, Forman, Perry, Watkins & Krutz, Jackson, Miss., for defendant-appellee.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Harold and Joeanne Antwine appeal from a judgment of the district court denying a motion to set aside an arbitration award and granting a motion to enforce the award. For the reasons cited herein, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 1985, Harold and Joeanne Antwine were owners and operators of a drug store which provided them with an annual income of approximately $40,000.00. That year, Mr. Antwine inherited a $1,000,000.00 stock portfolio. Although the Antwines originally planned on investing in insured municipal bonds which would yield a tax free annual income of approximately $80,-000.00, the couple instead decided to opt for the possibility of a $200,000.00 annual income by trading in options. In so deciding, the Antwines reportedly relied on representations made by James Palmer, the Branch Manager of the Jackson, Mississippi, office of Prudential Bache Securities, Inc., to the effect that trading in options was profitable eighty-five percent of the time.

The Antwines' experience with options trading was a dismal failure. Instead of making money, they lost money. Accordingly, the Antwines terminated their relationship with Prudential Bache and filed a complaint against the company in federal district court. The Antwines' complaint, which alleged violations of state and federal securities laws, charged Prudential Bache with making misstatements and omissions of material facts about the risks and mechanics of options trading. The Antwines also alleged pendant state law claims of deceit, negligent misrepresentation and breach of fiduciary duty.

The district court, relying on the terms of a joint account agreement signed by the parties prior to this litigation, entered an agreed order staying litigation pending arbitration.[1] The matter was then submitted to an arbitration panel of the American Arbitration Association. After three and one-half days of hearings, the arbitration panel entered an award which stated that "[a]ll claims submitted by Mr. & Mrs. H.M. Antwine are denied.... This Award is in full settlement of all claims submitted to this Arbitration." After the arbitration award was entered, the Antwines requested "clarification" from the arbitration panel. The arbitrators declined the Antwines' request, and accordingly, the Antwines re-

---

1. The joint account agreement provided for arbitration as the resolution mechanism in the event of a dispute. The agreement provided in pertinent part as follows:

This contract ... shall be binding on the undersigned.... Any controversy arising out of or relating to my account ... shall be settled by arbitration in accordance with the rules then obtaining of ... the American Arbitration Association.

fused to enter into an agreed order dismissing their action in federal court.

Thereafter, Prudential Bache moved for summary judgment against the Antwines. In response, the Antwines moved for vacation of the arbitration award alleging that the award failed to satisfy the strictures of Rule 42 of the American Arbitration Association's (AAA) Securities Arbitration Rules. More specifically, the Antwines alleged that because the arbitration panel did not provide the reasons for its decision, it acted in violation of the Securities Arbitration Rule 42 requirement that an arbitration award include a "statement" regarding the disposition of any statutory claims. The district court granted Prudential Bache's motion for summary judgment, denied the Antwines' motion to vacate the arbitration award and entered judgment dismissing the action with prejudice. The Antwines thereafter timely filed the instant appeal.

## II. DISCUSSION

The sole issue on appeal is whether the arbitration award in this case should have been set aside by the district court because of the arbitration panel's alleged noncompliance with the requirements of Securities Arbitration Rule 42. The Federal Arbitration Act gives federal courts the power to vacate an award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award ... was not made." 9 U.S.C. § 10(d). On appeal the Antwines do not contend that the arbitrators exceeded their powers, but rather that the arbitrators so imperfectly executed their powers that a mutual, final and definite award was not made. We are constrained to disagree.

The Antwines advance the argument that Securities Arbitration Rule 42's requirement that an award include a statement regarding the disposition of statutory claims should be interpreted to mean that the arbitrators are bound to offer an explanation for an award. It has long been settled that arbitrators are not required to disclose or explain the reasons underlying an award. *United Steel Workers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). The policy behind such a rule is manifest. If arbitrators were required to issue an opinion or otherwise detail the reasons underlying an arbitration award, the very purpose of arbitration—the provision of a relatively quick, efficient and informal means of private dispute settlement—would be markedly undermined. *See Sobel v. Hertz, Warner and Co.*, 469 F.2d 1211, 1214 (2d Cir.1972).

Nevertheless, the Antwines maintain that the fundamental principle addressed above does not apply in the instant case because the Antwines' claims were arbitrated under the newer Securities Arbitration Rule 42 rather than the older Commercial Arbitration Rule 42. The language of Securities Arbitration Rule 42 is identical to the language of Commercial Arbitration Rule 42 with one exception. Commercial Arbitration Rule 42 provides that "[t]he award shall be in writing and shall be signed by a majority of the arbitrators. It shall be executed in the manner required by law." The newer Securities Arbitration Rule 42 adds the following language to the language of the older Commercial Arbitration Rule 42: "[t]he award ... shall include a statement regarding the disposition of any statutory claims." [2]

As we interpret this additional language of Rule 42 of the Securities Arbitration Rules, it does not, as the Antwines' would have us hold, compel the arbitration panel to explain the reasons underlying the disposition of statutory claims in an arbitration

---

**2.** The Antwines appear to at least implicitly argue that Commercial Arbitration Rule 42 embodies the long standing principle that, in the interest of expediency and economy, an arbitration panel need not give reasons underlying an award. On the other hand, the Antwines imply that Securities Arbitration Rule 42, with its requirement that an arbitration panel tender a statement regarding the disposition of statutory claims, is evidence that the American Arbitration Association has relegated the notions of expediency and economy to a position of lesser importance in favor of a more comprehensive development of the reasons underlying an award.

award. If the new rule were to require an award to include a "statement *of reasons*" regarding the disposition of statutory claims, our conclusion today might be different. However, the language does not so read; instead, the newer rule requires an award to include a "statement" regarding the disposition of statutory claims. Thus, we conclude that the "statement" requirement of Rule 42 of the Securities Arbitration Rules does not imply that an arbitration panel must articulate reasons for an award.

Even assuming for the sake of argument that Securities Arbitration Rule 42 requires an arbitration panel to tender written reasons underlying the disposition of statutory claims, any perceived error in this case does not rise to the level which would warrant judicial intervention. Judicial review of an arbitration award is extraordinarily narrow and this Court should defer to the arbitrator's decision when possible. *See, e.g., Wilko v. Swan*, 346 U.S. 427, 436, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953), *overruled on other grounds, Rodriguez de Quijas, et al. v. Shearson/American Express, Inc.,* —— U.S. ——, ——, 109 S.Ct. 1917, 1921, 104 L.Ed.2d 526 (1989) (judicial review of an arbitration award is even narrower than judicial review of trial proceedings). Section 10(d) of the Federal Arbitration Act provides that a district court should vacate an arbitration award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(d).

As mentioned previously, the Antwines do not argue that the arbitrators exceeded their powers, but rather that the arbitrators so imperfectly executed their powers that a mutual, final and definite award was not made. The award and statement provided by the arbitrators in this case, however, was clear and concise. It lacked any hint of ambiguity. Accordingly, we conclude that a mutual, final and definite award was made and, thus, the district court did not err in denying the Antwines' motion to vacate the award.

### III. CONCLUSION

Rule 42 of the Securities Arbitration Rules does not require an arbitration panel to provide a statement of reasons underlying an arbitration award. The district court's denial of the motion to vacate the award and judgment enforcing the award was not error. The judgment of the district court is affirmed.

AFFIRMED.