IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30726

Summary Calendar
_____


RON FOLSE,

Plaintiff-Appellant,

v.

RICHARD WOLF MEDICAL INSTRUMENTS CORPORATION; ET AL,

Defendants,

RICHARD WOLF MEDICAL INSTRUMENTS CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-1903-R)
_____
January 14, 1998
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Ron Folse appeals the district court's

judgment confirming an arbitrator's award.  He contends that the

arbitrator committed misconduct and that he erred in his

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application of the law and in his contract interpretation.  We affirm the judgment of the district court.

## I.   FACTUAL & PROCEDURAL BACKGROUND

From June 1976 until September 1991, plaintiff-appellant Ron Folse worked for defendant-appellee Richard Wolf Medical Instruments Corporation ("Wolf") as a Manufacturer's Representative.  Pursuant to a Sales Representative Agreement ("Sales Agreement"), Folse solicited orders for medical equipment in several Southern states.  Wolf compensated Folse on a commission and bonus basis.  The Sales Agreement allowed either party to terminate the contract without cause on ninety days' written notice.  It limited post-termination compensation to commissions on orders that were received by Wolf prior to the termination date, and it also provided that the outstanding commissions would be paid only after Wolf received payment from the customer.  In addition, the Sales Agreement required arbitration of all claims arising out of it.

On September 3, 1991, Folse informed Wolf in writing of his immediate resignation and requested payment of the commissions and bonuses that he believed Wolf owed him.  In a letter dated September 5, 1991, Wolf accepted Folse's resignation and demanded the return of its sample inventory.  Thereafter, Wolf did not pay Folse the money that he claimed was owed to him, and Folse did not return the sample inventory to Wolf.

After one unsuccessful arbitration proceeding from which no final award was issued, Folse filed suit against Wolf, the American Arbitration Association, and the original arbitrator. Wolf moved to compel a return to arbitration, and the district court denied the motion. However, a panel of this circuit reversed and remanded the matter with instructions to return to arbitration.

On October 1, 1996, the parties participated in a second arbitration before Arbitrator Terrell Harris. Harris issued an award on October 30, 1996 that ordered Folse to return the sample inventory to Wolf within thirty days or pay Wolf its value and ordered Wolf to pay Folse $19,752 in commissions if Folse returned the inventory on time. Folse filed a motion to stay execution of and to vacate the arbitration award in the United States District Court for the Eastern District of Louisiana. On June 13, 1997, the district court denied Folse's motion and confirmed the arbitration award. Folse now appeals.

## II. STANDARD OF REVIEW

We review a district court's confirmation of an arbitration award de novo. Gateway Techs., Inc. v. MCI Telecomms. Corp., 64 F.3d 993, 996 (5th Cir. 1995); Forsythe Int'l, S.A. v. Gibbs Oil Co., 915 F.2d 1017, 1020 (5th Cir. 1990). However, the "district court's 'review of an arbitration award is extraordinarily narrow.'" Gateway, 64 F.3d at 996 (quoting Antwine v. Prudential

3

<u>Bache Sec., Inc.</u>, 899 F.2d 410, 413 (5th Cir. 1990)). As a result, the scope of our review is also highly circumscribed; indeed, this circuit has held that reviewing courts must "defer to the arbitrator['s] resolution of the dispute whenever possible." <u>Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.</u>, 918 F.2d 1215, 1218 (5th Cir. 1990). Pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, an arbitration award shall not be vacated unless

> (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers.

<u>Gateway</u>, 64 F.3d at 996 (citing <u>Forsythe</u>, 915 F.2d at 1020). This circuit has consistently confirmed that "section 10 of the Arbitration Act describes the only grounds upon which a reviewing court may vacate an arbitration award." <u>McIlroy v. Painewebber, Inc.</u>, 989 F.2d 817, 820 (5th Cir. 1993).

### III. DISCUSSION

On appeal, Folse contends that the arbitration award should be vacated because the arbitrator committed misconduct in not explaining the basis for his award and in failing to await the court reporter's delivery of the transcript and documentary evidence before issuing an award. Folse also claims that the district court erred in finding that the award was rationally inferable from the contract language and from the facts of the

4

case.  We address each of these contentions in turn.

**A.  *Arbitrator Misconduct***

Folse contends that the award should be vacated because the arbitrator did not fully explain the award.  As the district court explained, this circuit has consistently held that arbitrators are generally not "'required to disclose or explain the reasons that underlie their decision.'"  Houston Lighting & Power Co. v. International Bhd. of Elec. Workers, Local Union No. 66, 71 F.3d 179, 186 (5th Cir. 1995) (quoting Anderman/Smith, 918 F.2d 1219 n.3), cert. denied, 117 S. Ct. 52 (1996); see also Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210, 214 (5th Cir. 1993) ("Arbitrators need not provide reasons for their awards."); Antwine, 899 F.2d at 412 (holding that arbitrators need not "disclose or explain the reasons underlying an award").  Thus, we find no error in the arbitrator's failure to detail the reasons underlying his award.

Folse also contends that the award should be vacated because the arbitrator issued it without waiting for the court reporter to deliver the hearing transcript or the documentary evidence presented at the hearing.  It is well-settled that "[a]bsent agreement of the parties, a written transcript of the [arbitration] proceedings is unnecessary."  Bernhardt v. Polygraphic Co. of Am., 350 U.S. 198, 204 n.4 (1955); see also Glass v. Kidder Peabody & Co., 114 F.3d 446, 454 (4th Cir. 1997)

5

(citing the same language from <u>Bernhardt</u>, 350 U.S. at 204 n.4).
The Sales Agreement's arbitration clause makes no mention of the
production of a written transcript of the arbitration
proceedings, and Folse has pointed to no evidence indicating that
such an agreement was ever made.  The arbitrator was present
throughout the hearing, and he heard all of the testimony.  As
there is no requirement that a transcript even be made, we cannot
say that it constitutes misconduct for the arbitrator to issue an
award prior to the production of the written transcript of the
hearing.

Finally, Folse claims that the award must be vacated because
the court reporter took the documentary exhibits and did not
return them.  He therefore argues that the award was "arbitrary
and capricious," and was, on its face, "issued without benefit
and consideration of the documentary evidence and of the hearing
record."[2]  Folse failed to raise this argument before the
district court, and "'[i]t is an unwavering rule in this Circuit
that issues raised for the first time on appeal are reviewed only
for plain error.'"  <u>Riley Stoker Corp. v. Fidelity & Guar. Ins.</u>
<u>Underwriters, Inc.</u>, 26 F.3d 581, 589 (5th Cir. 1994) (quoting
<u>McCann v. Texas City Ref., Inc.</u>, 984 F.2d 667, 673 (5th Cir.

---

[2]     We note that Wolf disputes Folse's claim that the court
reporter took the exhibits, and it is not possible to determine
what happened from the record before this court.  Nevertheless,
for purposes of this appeal, we assume that the arbitrator did
not have the exhibits when he issued his award.

1993)).  In order for an appellant to prevail under this level of scrutiny, he must show the following:  "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would 'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'"  Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994) (quoting United States v. Olano, 507 U.S. 725, 736 (1993), and holding that "'[t]he principles and decision enunciated in Olano apply a fortiori in the civil context'" (quoting Smith v. Gulf Oil Co., 995 F.2d 638, 646 (6th Cir. 1993))).

It is undisputed that the arbitrator was present throughout the hearing at which the documentary evidence was introduced.  As he had the opportunity to consider the relevance of each piece of evidence at the hearing, we cannot say that his decision to issue an award without further review of the evidence constituted plain error.

### B.  *Substantive Claims*

Folse raised four substantive claims before the district court, each of which he reiterates before this court.  First, Folse argues that the arbitrator misinterpreted the Illinois Sales Representative Act ("Sales Act"), 820 ILL. COMP. STAT. 120/3 (West 1990), which he claims "provides for mandatory penalties

7

under these circumstances."[3]  However, Illinois courts have held

that in order to recover such damages under the Sales Act, a

complainant must show "culpability that exceeds bad faith."

Maher & Assocs., Inc. v. Quality Cabinets, 640 N.E.2d 1000, 1008

(Ill. App. Ct. 1994).  As the district court correctly

determined, the arbitrator reasonably could have found, from the

evidence presented at the arbitration hearing, that the Sales Act

was not applicable because Wolf's conduct was not sufficiently

culpable to trigger it.

Folse's second, third, and fourth arguments about the

substance of the award all relate to the arbitrator's

interpretation of the Sales Agreement.  It is well settled that

courts may not vacate arbitration awards based on alleged errors

in contract interpretation.  See, e.g., United Paperworkers Int'l

Union v. Misco, Inc., 484 U.S. 29, 38 (1987) ("The arbitrator may

not ignore the plain language of the contract; but the parties

---

[3]      The statute reads as follows:

> A principal who fails to comply with the
> provisions of Section 2 concerning timely payment or
> with any contractual provision concerning timely
> payment of commissions due upon the termination of the
> contract with the sales representative, shall be liable
> in a civil action for exemplary damages in an amount
> which does not exceed 3 times the amount of the
> commissions owed to the sales representative.
> Additionally, such principal shall pay the sales
> representative's reasonable attorney's fees and court
> costs.

820 ILL. COMP. STAT. 120/3 (West 1990).

having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract."); United Food & Commercial Workers v. National Tea Co., 899 F.2d 386, 389 (5th Cir. 1990) ("It is not for the courts to agree or disagree with [the arbitrator's] interpretation. That it was a contract interpretation is clear, and we have no authority to disturb it."). In addition, where the basis for the award can be inferred from the underlying contract, the reviewing court must affirm the award "even if it does not agree with the arbitrator['s] interpretation of the contract." Anderman/Smith, 918 F.2d at 1218. We agree with the district court that the testimony and evidence introduced at the hearing was sufficient to render the arbitrator's award rationally inferable from the contract language and the facts of the case.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.