**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

No. 19-10720
Summary Calendar

DYNACOLOR, INCORPORATED,

     Plaintiff - Appellee

v.

RAZBERI TECHNOLOGIES, INCORPORATED,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2590

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

     Razberi Technologies, Inc. challenges an arbitration award in favor of DynaColor, Inc.  Razberi contends that the arbitrator "manifestly disregarded" Texas unjust enrichment law.  The district court noted uncertainty about whether manifest disregard remains a ground for vacating arbitration awards, but it did not decide that legal question.  Instead, the district court concluded

---

     * Under 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10720

that Razberi could not meet the demanding standard even assuming it still applies. We agree and affirm the district court's confirmation order.

I.

DynaColor is a Taiwanese company that designs, manufactures, and distributes network video recorders, which are computer systems that capture and store video surveillance on various digital formats.[1] DynaColor formed Razberi as a Delaware subsidiary to sell its recorders. In practice, Razberi would buy parts from DynaColor, assemble them, and sell Razberi-branded products.

With DynaColor's support, Razberi negotiated a purchase agreement with Avigilon Corporation—a former DynaColor customer—in March 2014. Under the agreement, "Avigilon had the right, but not the obligation, to purchase [recorders] from Razberi." DynaColor guaranteed Razberi's contractual obligations.

But shortly after signing the agreement, "Avigilon became concerned about" Razberi's ability to "meet anticipated demand" and supply satisfactory recorders. As a result, Avigilon, on its own initiative, reached out to other suppliers, including DynaColor, in June 2014. Three months later, Avigilon and DynaColor entered into a purchase agreement.

Thinking it still had a reliable buyer in Avigilon, Razberi signed a contract with DynaColor for parts in November 2014. Razberi also signed a promissory note agreeing to pay DynaColor $595,706 over two years. Early the next year, however, Avigilon stopped buying Razberi's recorders.

---

[1] These facts come from the parties' pleadings and the final award in the underlying arbitration proceeding. *See Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 803 (5th Cir. 2013) ("[W]e are bound by the arbitrator's factual findings regarding [the parties'] conduct . . . .").

After this fallout, Razberi asked DynaColor whether Avigilon had approached it about recorder sales. DynaColor denied that it was doing business with Avigilon.

DynaColor then filed an arbitration demand based on Razberi's alleged breaches of the November 2014 contract and the promissory note. Razberi counterclaimed, alleging that DynaColor tortiously interfered with—and "usurp[ed] the fruits of"—its March 2014 agreement with Avigilon. Razberi sought "lost profits and any unjust enrichment obtained by DynaColor."

The arbitrator concluded that Razberi breached the November 2014 contract and the promissory note and awarded DynaColor $1.362 million in damages and attorney's fees. And even though the arbitrator found that DynaColor deceived Razberi about its relationship with Avigilon, he determined that "no action or inaction of DynaColor, Inc. caused Razberi to lose the Avigilon business." Reasoning that unjust enrichment "requires causation," the arbitrator denied Razberi's claim.

DynaColor moved for confirmation of the award in federal district court. Razberi sought to vacate the order, arguing that the arbitrator "manifestly disregarded" Texas law in requiring causation for an unjust enrichment recovery. According to Razberi, in seeking that equitable remedy, it had to show only that DynaColor usurped a corporate opportunity in entering into a purchase agreement with Avigilon—not tort-like causation and damages.

The district court confirmed the award. Observing that it is unclear whether "manifest disregard" is still a basis for vacating an arbitration award, the district court held that Razberi failed to show manifest disregard even if it remains a ground for vacatur. The district court concluded that there was no evidence that the arbitrator knew unjust enrichment does not require causation yet ignored that law. It also found that "nothing in the record

No. 19-10720

suggests [the arbitrator] would have decided the . . . claim differently" had he "not imposed [the] causation requirement."

## II.

Appellate "review of an arbitration award is extraordinarily narrow." *YPF S.A. v. Apache Overseas, Inc.*, 924 F.3d 815, 819 (5th Cir. 2019) (quoting *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990)). So although we review the district court's confirmation order *de novo*, "our review of the arbitrator's award itself . . . is very deferential." *Id.* (alteration in original) (quoting *Timegate*, 713 F.3d at 802). The party seeking vacatur bears the burden of proof. *See 21st Century Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 336 (5th Cir. 2014).

## III.

Razberi's challenge relies on the "manifest disregard" standard, a ground for vacatur that some circuits no longer recognize. *Compare Med. Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 489 (8th Cir. 2010), *and Frazier v. CitiFinancial Corp.*, 604 F.3d 1313, 1324 (11th Cir. 2010) (rejecting "manifest disregard" as a basis for vacating an arbitration award), *with Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 480 (4th Cir. 2012), *and Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 452 (2d Cir. 2011), *and Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (continuing to recognize "manifest disregard" as a basis for vacating arbitration awards). The circuits that have jettisoned the "manifest disregard" standard emphasize a recent Supreme Court opinion stating that the grounds enumerated in the Federal Arbitration Act are the exclusive means for vacating an arbitration award.[2] *See, e.g., Med.*

---

[2] Section 10(a) provides for vacatur:
(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;

4

*Shoppe*, 614 F.3d at 488–89 (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008)). Circuits retaining the "manifest disregard" standard reason that the Supreme Court has left open whether it survives *Hall Street* "as an independent ground for review or as a judicial gloss on the [statutory] grounds for vacatur." *See, e.g., Brand*, 671 F.3d at 482–83 (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 672 n.3 (2010)).

We have previously declined to take a side on this split and need not do so here because Razberi fails to show that the arbitrator manifestly disregarded controlling law. *See McKool Smith, P.C. v. Curtis Int'l, Ltd.*, 650 F. App'x 208, 212 (5th Cir. 2016) (per curiam). This is unsurprising given that the standard is deferential to the arbitrator and, by design, is "difficult to satisfy." *Bacon*, 562 F.3d at 354. "Manifest disregard 'means more than error or misunderstanding with respect to the law.'" *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 381–82 (5th Cir. 2004) (quoting *Prestige Ford v. Ford Dealer Comput. Servs., Inc.*, 324 F.3d 391, 395 (5th Cir. 2003)). Razberi must therefore show that the arbitrator "appreciated the existence of a clearly governing principle but decided to ignore or pay no attention to it." *Id.* (quotation omitted). And even if the arbitrator understood—and ignored— Texas law, "the award should be upheld unless it would result in significant injustice, taking into account all the circumstances of the case." *Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 762 (5th Cir. 1999) (quotation omitted).

---

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

No. 19-10720

Razberi contends that vacatur is warranted because Texas courts have not required proof of causation for unjust enrichment, and the arbitrator denied its claim for failing to prove just that.  But, as the district court observed, Razberi did not "present[] this law to the arbitrator or [show] that [he] was in some other way made aware of this law."  As a result, Razberi cannot demonstrate that the arbitrator knew the elements of an unjust enrichment claim, much less that he "decided to pay no attention to [them]." *Brabham*, 376 F.3d at 381–82.  We thus agree with the district court that, in imposing a causation requirement, the arbitrator at most erred.  "It is not enough," however, for Razberi "to show that the [arbitrator] committed an error—or even a serious error." *Stolt-Nielsen*, 559 U.S. at 671.

Nor has Razberi established that the award works a significant injustice. The arbitrator acknowledged that while unjust enrichment is an equity-based remedy, it is not a proper remedy "merely because it might appear expedient or generally fair that some recompense be afforded to an unfortunate loss to the claimant or because the benefits to the person sought to be charged amount to a windfall." *Austin v. Duval*, 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ denied).  This shows the arbitrator—after a six-day hearing—weighed the equities and determined that the circumstances of this case did not warrant the relief Razberi sought. *See Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1321 (5th Cir. 1994) ("[A]rbitrators enjoy a broad grant of authority to fashion remedies . . . ." (quoting *Totem Marine Tug & Barge, Inc. v. N. Am. Towing, Inc.*, 607 F.2d 649, 651 (5th Cir. 1979)).  For example, he noted "there is no evidence in the record that during the time of Avigilon's reassessment of Razberi, that DynaColor, Inc. prompted . . . or otherwise made any efforts to steer Avigilon away from Razberi.  Avigilon made its decision to leave Razberi, and Razberi lost the Avigilon sales, due to Avigilon's unilateral decisions . . . ." Given that the arbitrator did not appear inclined to award the equitable

remedy of unjust enrichment even apart from his causation ruling, no significant injustice will result from enforcing the award.

In conclusion, even if manifest disregard remains a basis for vacating an arbitration award, Razberi has not shown such conduct by the arbitrator. The district court correctly confirmed the award.

AFFIRMED.