# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2025

Lyle W. Cayce
Clerk

No. 25-10445
Summary Calendar

———————

SHAWN OLALI,

*Plaintiff—Appellant*,

*versus*

CVS, INCORPORATED,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-203

———————————————————

Before DAVIS, WILSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

This Title VII civil-rights case was referred to arbitration, and the arbitrator dismissed after finding the demand for arbitration was untimely. The district court confirmed the arbitrator's award under the Federal Arbitration Act in a judgment that we AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10445

## I.

Plaintiff-Appellant Shawn Olali, appearing pro se and in forma pauperis, originally filed this action in the district court against his former employer, Defendant-Appellee CVS Pharmacy, Inc., as a Title VII racial-discrimination case. In May 2024, the parties filed a joint motion to arbitrate the claims, consistent with a CVS Health Arbitration Agreement that Olali signed as part of his employment onboarding. The district court granted the parties' motion, and the case was referred to arbitration.

In the arbitration proceeding, CVS moved to dismiss, arguing the proceeding was not timely filed. The arbitrator agreed and dismissed Olali's claims with prejudice. Olali then moved to reopen the case in the district court, and for vacatur under the Federal Arbitration Act, 9 U.S.C. § 10(a). The district court denied both motions, affirmed the arbitration award, and dismissed Olali's claims with prejudice.

## II.

The FAA allows for vacatur of an arbitrator's award in four instances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and

definite award upon the subject matter submitted was not made.[1]

Review of an arbitration award is "extraordinarily narrow," and a court "should defer to the arbitrator's decision when possible."[2] Indeed, the FAA presumes that an award will be confirmed and that courts will play only limited roles in reviewing arbitral decisions.[3]

Olali argues the arbitrator's award should be vacated under 9 U.S.C. § 10(a)(3) and (4) for three reasons. First, he contends that the arbitrator exceeded her authority in violation of § 10(a)(4) by "disregarding explicit contractual provisions" and "failing to adhere solely to the substantive law of the courts." Second, he argues that the arbitrator violated § 10(a)(3) by denying him a fair hearing and applying procedural rules "discriminately." Third, he argues under § 10(a)(4) that the arbitral award lacks finality.

In support of his first argument, Olali relies on the provision in the arbitration agreement providing that the arbitrator "will follow the substantive law applicable to the case and may award only those remedies that would have been available had the matter been heard in court." The agreement also states that "[a]ll claims in arbitration are subject to the same statutes of limitation that would apply in court" and that the demand for arbitration must be filed "within the applicable statute of limitations." The arbitrator's award explains that Title VII's 90-day limitations period governs

---

[1] 9 U.S.C. § 10(a)(1)–(4).

[2] *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990); *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) ("Under the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)).

[3] *See* 9 U.S.C. § 9 (providing that a court "must" confirm an award unless it is vacated, modified, or corrected); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (stating that § 9 "carries no hint of flexibility").

the timeliness of Olali's arbitration demand.[4] Because Olali did not file his arbitration demand until 239 days after the EEOC issued a right-to-sue notice, his claim would have been untimely if brought in federal court. This led the arbitrator to conclude that Olali's demand was time barred.[5] The arbitrator relied on several federal district court opinions and other relevant arbitral awards in reaching that conclusion. Olali cites no contrary authority. Instead, he argues the arbitrator violated the agreement by relying on other arbitration awards. He offers no authority in support of this argument and points to no language in the arbitration agreement prohibiting the use of arbitral precedent. We thus agree with the district court that there is no evidence that the arbitrator exceeded her powers or acted beyond those granted by the arbitration agreement.

Olali's second argument—that he was denied a full and fair hearing by the arbitrator—is similarly unsubstantiated. Olali provides no evidence showing that he was deprived of an adequate opportunity to present his case. As the district court correctly observed, the record reflects the opposite: Olali filed a written opposition to CVS's motion to dismiss and a surreply responding to CVS's arguments, and presented oral argument at a hearing before the arbitrator. We agree with the district court that this argument has no merit.

---

[4] *See Whitehead v. Reliance Ins. Co.*, 632 F.2d 452, 459 (5th Cir. 1980) ("[T]he 90-day limitations period begins to run upon receipt by the charging party of unambiguous notice that the EEOC's processes have terminated and that the EEOC has decided not to bring suit; the notice need not, however, specifically inform the charging party of his right to file suit within the 90-day limitations period.").

[5] The arbitrator also addressed Olali's alternative argument that his district-court suit tolled limitations period. She determined that Olali's demand for arbitration remained untimely even if tolling was available.

No. 25-10445

Finally, Olali contends the award lacks finality because the arbitrator left unresolved his breach-of-contract claim. There's no dispute that all claims were submitted to the arbitrator; nor is there a dispute that the arbitrator heard Olali's arguments regarding a breach-of-contract claim before dismissing all his claims with prejudice. That the arbitral award doesn't expressly list a breach-of-contract claim does not render the award non-final or unenforceable under the FAA.[6] We agree with the district court that there was an adequate basis for the award and the decision does not lack finality.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[6] *See, e.g.*, *Delek Refin., Ltd. v. Local 202, United Steel*, 891 F.3d 566, 572 (5th Cir. 2018) ("[A]mbiguity is not enough to vacate an [arbitration] award."); *Antwine*, 899 F.2d at 412 ("It has long been settled that arbitrators are not required to disclose or explain the reasons underlying an award." (citing *United Steel Workers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 598 (1960))).