IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10219

_____

BERTHA A. HARRIS; ET AL.,

                                        Plaintiffs,

BERTHA A. HARRIS; BARRIE E. KIGER-NOGY;
LEE M. SCHAFFER,

                                        Plaintiffs-Appellees,

                    v.

PARKER COLLEGE OF CHIROPRACTIC,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
--------------------
March 25, 2002

Before EMILIO M. GARZA, BENAVIDES and STEWART, Circuit Judges.

BENAVIDES, Circuit Judge:

The defendant-appellant, Parker College of Chiropractic ("Parker"), appeals the district court's final judgment, which confirms and adopts the arbitrator's award in favor of the plaintiffs-appellees for violations of Title VII of the Civil Rights Act and the Texas Commission on Human Rights Act.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiffs-appellees, Bertha A. Harris ("Harris"), Barrie E. Kiger-Nogy ("Kiger-Nogy"), and Lee M. Shaffer ("Shaffer") were employees of the defendant-appellant, Parker. Shaffer was an instructor and one of three department heads within the Center for Chiropractic Sciences at Parker. Harris was the office manager for the Post-Graduate Department at Parker, and Kiger-Nogy worked under the direct supervision of Harris.

In January 1999, Leander Eckard ("Eckard") took charge of the Post-Graduate Department at Parker, becoming Harris' direct supervisor. Starting at that time, and until Eckard voluntarily left the department in April 1999, Harris and Kiger-Nogy allege that Eckard created a sexually and racially hostile environment. In addition, Harris and Kiger-Nogy allege that despite numerous complaints about Eckard's conduct, Parker failed to correct the situation. Harris and Kiger-Nogy eventually resigned. Shaffer, who witnessed Eckard's allegedly harassing behavior, assisted Harris and Kiger-Nogy in their complaints. Shortly after assisting them, Shaffer was informed that his yearly contract to work at Parker had expired and, for the first time in ten years, would not be renewed.

The plaintiffs-appellees filed suit in Texas state court, alleging that Eckard had created and maintained a racially and sexually hostile environment in the workplace, that they had repeatedly reported Eckard's conduct to the administration of Parker without satisfactory results, that Shaffer was terminated

2

from his employment in retaliation because he assisted Harris and Kiger-Nogy in their complaints, and that Harris and Kiger-Nogy were constructively discharged by Parker.

The suit was removed to federal court and later submitted to arbitration under the Texas Arbitration Act, in accordance with an arbitration agreement between Parker and the plaintiffs-appellees. The arbitrator rendered a decision in favor of the plaintiffs-appellees, awarding them damages for lost wages and benefits, and mental anguish, as well as punitive damages. Claims by a fourth plaintiff, Dana Cypret, were denied, as were Kiger-Nogy's and Shaffer's claims for intentional infliction of emotional distress. The award was confirmed by the district court. This appeal ensued.

**DISCUSSION**

I.   Standard of Review

The central question on appeal is what standard of review this Court should employ.   This Court reviews a district court's decision refusing to vacate an arbitration award under the same standard as any other district court decision: we accept findings of fact that are not clearly erroneous and decide questions of law *de novo*.   *See Hughes Training v. Cook,* 254 F.3d 588, 592 (5th Cir. 2001).   Usually, the district court's "review of an arbitration award is extraordinarily narrow." *Antwine v. Prudential Bache Securities, Inc.,* 899 F.2d 410, 413 (5th Cir.1990).   Under the Federal Arbitration Act ("FAA"), a district court may vacate an

award only if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10(a). An additional ground for vacating an arbitration award is that in making the award the arbitrator acted with "manifest disregard for the law." *Williams v. Cigna Fin. Advisors, Inc.,* 197 F.3d 752, 761 (5th Cir.1999).[1]

However, in this case the parties modified the standard of review through a provision in their arbitration agreement. Specifically, the agreement provides that "[t]he Award of the Arbitrator shall be binding on the parties hereto, although each party shall retain his right to appeal any questions of law, and judgment may be entered thereon in any court having jurisdiction." We have previously held that parties may contractually modify the standard of review of an arbitration award. *See Gateway Techs., Inc. v. MCI Telecomms. Corp.,* 64 F.3d 993, 996 (5th Cir. 1995) ("Such a contractual modification is acceptable because, as the

---

[1]This Court applied the following test to determine whether the arbitrators acted with manifest disregard for the law:

"First, where on the basis of the information available to the court it is not manifest that the arbitrators acted contrary to the applicable law, the award should be upheld.

Second, where on the basis of the information available to the court it is manifest that the arbitrators acted contrary to the applicable law, the award should be upheld unless it would result in significant injustice, taking into account all the circumstances of the case, including powers of arbitrators to judge norms appropriate to the relations between the parties."

*Id.* at 762.

Supreme Court has emphasized, arbitration is a creature of contract and the FAA's pro-arbitration policy does not operate without regard to the wishes of the contracting parties."). Moreover, we have held that a provision that was substantively identical[2] to the one at issue here "supplement[ed] the FAA's default standard of review and allow[ed] for de novo review of issues of law embodied in the arbitration award." *Id.* Thus, in this case, we must apply a *de novo* standard of review to questions of law.

The difficulty in this case arises from the fact that the parties have not specified the meaning of "questions of law." According to the defendant-appellant, "questions of law" should be interpreted to encompass all of the issues it raises on appeal, including the sufficiency of the evidence to support the arbitrator's findings of hostile work environment and retaliation. The plaintiffs-appellees contend that *de novo* review should apply only to "pure legal conclusions" and that to allow *de novo* review of the sufficiency of the evidence will result in retrial of the facts. Moreover, plaintiffs-appellees point out that if "questions of law" is construed to encompass sufficiency of the evidence, then the exception allowing review of questions of law will swallow up the arbitration agreement's rule that "the Award of the Arbitrator shall be binding."

---

[2]The provision at issue in *Gateway* stated that "[s]pecifically, their contract details that "[t]he arbitration decision shall be final and binding on both parties, except that *errors of law shall be subject to appeal.*" *Id.*

In diversity cases, federal courts apply state law rules of contract construction. *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 n.3 (5th Cir. 2001). Thus, Texas law applies to the interpretation of the arbitration agreement at issue here. In construing contracts, Texas requires that courts ascertain and give effect to the parties' intentions as expressed in the document. *See Lopez v. Munoz, Hokema & Reed, LLP.*, 22 S.W.3d 857, 861 (Tex. 2000). "[W]here an ambiguity exists in a contract, the contract language will be construed strictly against the party who drafted it since the drafter is responsible for the language used." *Gonzales v. Mission American Ins. Co.*, 795 S.W.2d 734, 737 (Tex. 1990) (citation omitted). "Ambiguity does not arise simply because the parties advance conflicting interpretations of the contract; rather, for an ambiguity to exist, both interpretations must be reasonable." *Lopez*, 22 S.W.3d at 861 (citation omitted).

In the present case, the phrase "questions of law" is ambiguous because the parties have presented at least two reasonable and conflicting interpretations of the phrase.[3] The phrase could reasonably be interpreted to encompass solely "pure" questions of law, or it could be read broadly, to encompass mixed questions of

_____

[3]The issue of the ambiguity of "questions of law" was not directly addressed by the *Gateway* decision, as the appellants in that case were not seeking review of the sufficiency of the evidence, but only of pure questions of law: the proper standard for imposition of punitive damages under Virginia law; and whether the contract between the parties created a fiduciary relationship. In any case, the parties in *Gateway* had not raised the question of whether the issues appealed fell within the scope of *de novo* review.

law and fact.  Given that Parker drafted the agreement, the phrase should be construed against Parker.  Thus, "questions of law" should be read narrowly, to encompass only pure questions of law.

The latter interpretation is also compelled by another Texas rule of contract interpretation: "We must... attempt to give effect to all contract provisions so that none will be rendered meaningless."  *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998).  In the present case, the arbitrator's legal determinations are intimately bound up with the facts, in such a manner that, if all mixed questions of fact and law were reviewed *de novo*, none of the arbitrator's findings would be final. If the phrase "questions of law" were read broadly, to encompass mixed questions of law and fact, then the provision that the arbitrator's award should be binding would become meaningless. Thus, to give effect to this provision, the phrase "questions of law" must be construed as referring only to "pure" questions of law.

Finally, it is worth mentioning that parties that wish to provide for more extensive review of an arbitrator's award may do so by specifying the standard of review in the arbitration agreement.  *See Hughes Training*, 254 F.3d 588 (holding that the standard of review was contractually modified by a provision in the arbitration agreement that stated that arbitration would be governed by a set of procedural rules, one of which was that "in

actions seeking to vacate an award, the standard of review to be applied to the arbitrator's findings of fact and conclusions of law will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury"). In the present case, the arbitration agreement simply did not specify that the standard of review for anything other than pure questions of law had been altered.

In conclusion, the standard of review to be applied is *de novo* with respect to pure questions of law. With respect to questions of fact and mixed questions of law and fact, we apply the default standard of review, vacating only for manifest disregard of the law, or on the grounds listed in the FAA.

II. Sufficiency of the Evidence

Defendant-appellant challenges the sufficiency of the evidence to support the arbitrator's determinations that there was a racially hostile work environment at Parker with respect to Harris and a sexually hostile work environment with respect to Kiger-Nogy, that both Harris and Kiger-Nogy were constructively discharged, that Shaffer suffered retaliation, and that the plaintiffs-appellees were entitled to damages for mental anguish and punitive damages. Challenges to a district court's finding of hostile work environment and constructive discharge are typically treated as factual questions, subject to a "clearly erroneous" standard of review. *See, e.g., Cortes v. Maxus Exploration Co.*, 977 F.2d 195

8

(5th Cir. 1992). And in general, challenges to the sufficiency of the evidence to support a district court's findings amount to mixed questions of law and fact, because they address the application of law to facts. *See Townsend v. Sain,* 372 U.S. 293, 310 n.6, 83 S.Ct. 745, 756 (1963)("So-called mixed questions of fact and law... require the application of a legal standard to... historical-fact determinations"). Thus, all of these challenges are reviewed only under the default standard for vacating an arbitral award.

The defendant-appellant has not shown that the arbitrator acted with manifest disregard for the law in making the award because, on the basis of the information available to us, it is not manifest that the arbitrator acted contrary to the applicable law. Indeed, the arbitrator's award with respect to each plaintiff can be reasonably supported on the basis of the evidence and law. None of the other bases listed in the FAA for vacating an award is present. Hence, the district court did not err in confirming the arbitrator's award with respect to these challenges.

III. <u>Constructive Discharge</u>

The defendant-appellant does raise one pure legal question on appeal, which we review *de novo.* Parker argues that Harris and Kiger-Nogy could not assert constructive discharge in their legal complaint because they did not raise it in their original EEOC charge. However, no authority supports this proposition. In this circuit, a claimant is not required to assert all legal claims in

the EEOC charge; rather, it is sufficient if in the EEOC charge the claimant asserts the facts that are the basis for the legal claims. *See Sanchez v. Standard Brands*, 431 F.2d 455, 462 (5th Cir. 1970) ("In the context of a statute like Title VII it is inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations. Surely the only procedural requirement which should confront a Title VII complainant is the requirement that he state, within the ninety-day period, facts sufficient to trigger a Commission investigation."). In the present case, the claims for constructive discharge were premised on the same facts as the claims for discrimination in employment, which were described in the EEOC complaint. Consequently, it was proper for the arbitrator to consider the constructive discharge claims.

## CONCLUSION

The arbitrator's award in this case does not indicate that she acted with manifest disregard for the law, and the arbitrator did not err in considering the plaintiffs-appellees' claims for constructive discharge. Therefore, we AFFIRM the district court's judgment confirming the arbitrator's award.