IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-10057

Summary Calendar

---

DAVID PATT,

Plaintiff-Appellant,

versus

SWEETHEART CUP,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas
(3:99-CV-2443-X)

---

July 17, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Patt appeals the district court's grant of Sweetheart Cup's motion for summary judgment on his Title VII claims. Patt alleges that Sweetheart Cup, his former employer, discriminated against him on the basis of race in connection with his termination from his position as a clamp truck driver. We affirm.

Patt was terminated after a confrontation with Chris Gray, a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

fellow African-American employee. Because Gray's forklift was blocking Patt's access through a part of the warehouse, he seized control of Gray's forklift and began to move materials that were blocking his path. Gray alleged that Patt threatened him with physical violence. Gray complained to his supervisor, who asked Patt to describe in writing his version of the incident. Patt was suspended later that day, and was discharged two days later. He then filed a charge of discrimination with the EEOC, alleging that his discharge was discriminatory. The EEOC dismissed Patt's charge and issued a right to sue letter. Patt then filed this suit. The district court granted Sweetheart Cup's motion for summary judgment on all of his claims.

Claims of racial discrimination based only on circumstantial evidence are evaluated under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*.[1] Under this three-part scheme, a plaintiff must first establish a *prima facie* case of discrimination by showing: (1) he belongs to a protected group; (2) he was qualified for the position sought; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class.[2] The district court correctly held that Patt failed to provide any summary judgment evidence that

---

[1] 411 U.S. 792, 802-805 (1973).

[2] *Price v. Federal Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

establishes that the position remained open or that he was replaced by someone outside of the protected class.

Moreover, the incident with Gray was a legitimate, non-discriminatory reason for Patt's discharge. Patt admits that he was involved in a verbal altercation with Gray, and Sweetheart Cup's determination that he was the aggressor is reasonable. Even if Patt had established a *prima facie* case, he could not demonstrate that Sweetheart Cup's stated reason for his dismissal is merely a pretext for intentional discrimination.[3] Patt must provide some evidence demonstrating that discrimination lay at the heart of Sweetheart Cup's decision,[4] and has provided none.

Patt points to other incidents assertedly of disparate treatment that allegedly occurred during his employment at Sweetheart Cup, incidents that were not complained of in his EEOC charge. While Patt is not required to assert all legal claims in the EEOC charge,[5] he must at least assert the facts that are the basis for those legal claims.[6] The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of

---

[3] *Id.*

[4] *Id.*

[5] *Harris v. Parker College of Chiropractic*, 286 F.3d 790, 795 (5th Cir. 2002).

[6] *Id.*

3

discrimination.[7] Given that Patt alleged in the EEOC charge that the earliest date of discrimination occurred on July 21, 1999–two days before he was discharged–he is not permitted to complain of persistent discrimination that existed throughout his employment at Sweetheart Cup. His retaliation claim, which was also not made in the EEOC charge, relies upon these same allegations and is not permitted. The district court properly concluded that these claims were barred for failure to exhaust administrative remedies.

For the foregoing reasons, the district court did not err in granting summary judgment. AFFIRMED.

---

[7] *Thomas v. Texas Dept. of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000).