**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 16, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-41021
Summary Calendar

TODD COWLE,

Plaintiff-Appellant,

versus

DAIN RAUSHCER, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(2:02-CV-40-TJW)

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

For the following reasons, we AFFIRM the district court's decision refusing to vacate, modify

or correct the arbitration award.

FACTUAL AND PROCEDURAL BACKGROUND

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

While employed with Dain Rauscher, Inc. ("Dain Rauscher"), Todd W. Cowle ("Cowle") executed several promissory notes payable to Dain Rauscher. At least two of the notes forgave the debt owed incrementally so long as Cowle remained an employee. After Cowle resigned from Dain Rauscher, the company initiated arbitration proceedings through the National Association of Securities Dealers ("NASD") against Cowle to recover monies owed, totaling more than $450,000. Cowle asserted a counterclaim alleging breach of fiduciary duty and breach of his employment contract. Cowle sought $1 million on his breach of fiduciary duty claim, arguing that the research provided by Dain Rauscher caused his clients and himself to lose money. Cowle sought $500,000 for his breach of employment contract claim, arguing that Dain Rauscher failed to provide him a respectful workplace due to repeated verbal attacks by his supervisor.

After conducting a hearing, the arbitration panel awarded Dain Rauscher $468,617.25 in compensatory damages, $78,389.78 in pre-award interest and $60,000 in attorneys' fees. The arbitration panel dismissed Cowle's counterclaim in its entirety. Cowle then filed a Motion to Vacate, Modify or Correct the arbitration award in the Eastern District of Texas. The district court denied Cowle's motion and granted Dain Rauscher's Application to Confirm the award. Cowle appeals.

<u>STANDARD OF REVIEW</u>

In reviewing a district court's decision refusing to vacate an arbitration award, "[w]e accept findings of fact that are not clearly erroneous and decide questions of law <u>de novo</u>." <u>Hughes Training Inc. v. Cook</u>, 254 F.3d 588, 592 (5th Cir. 2001). "Under the Federal Arbitration Act ("FAA"), a district court may vacate an award only if: (1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded

2

their powers." Harris v. Parker College of Chiropractic, 286 F.3d 790, 792 (5th Cir. 2002); 9 U.S.C. § 10(a). "Manifest disregard for the law" may also serve as an additional ground for vacating an arbitration award. Harris, 286 F.3d at 792.

## DISCUSSION

Cowle argues that the district court erred in failing to find that the arbitrators were guilty of misconduct and partiality. Cowle contends that the arbitrators' misconduct and partiality is evident because the arbitrators refused to rule on his motion to disqualify one of Dain Rauscher's attorneys; failed to compel discovery; refused to grant a last-minute continuance; refused to allow one of Cowle's witnesses to testify via telephone and excluded other pertinent evidence; and, failed to properly control the hearing. We find that each of Cowle's arguments lack merit.

Cowle filed a motion to disqualify Dain Rauscher's counsel, arguing that he had divulged confidential information to one of the company's attorneys, Cheryl Jerome Moore, prior to his leaving the company. The arbitrators determined that they lacked the authority to rule on Cowle's motion. Over a month later, and only eight days before the hearing, Cowle obtained a temporary restraining order ("TRO") from the District Court in Dallas County restraining Baker & McKenzie, and Cheryl Jerome Moore, from representing Dain Rauscher. Cowle argues that the arbitrators allowed Dain Rauscher to circumvent the TRO by allowing Baker & McKenzie to "share" its file with Dain Rauscher's new attorneys. The record reflects, however, that Dain Rauscher's new counsel hired another attorney who reviewed Baker & McKenzie's case file and removed items subject to the TRO. Thus, Cowle's misconduct argument is unpersuasive.

As this Court has explained:

3

The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to present its evidence and argument. An evidentiary error must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.

Forsythe Intern, S.A. v. Gibbs Oil Co. of TX, 915 F.2d 1017, 1023 (5th Cir. 1990) (internal citations and quotation marks omitted). Aside from conclusory assertions, Cowle has failed to demonstrate how the arbitrators' evidentiary rulings rendered the arbitration fundamentally unfair. Given the volume of discovery allowed, Cowle's argument that the arbitrators failed to compel adequate discovery is unpersuasive. Cowle's argument concerning the arbitrators' decision not to allow one of his witnesses to testify via telephone is equally unpersuasive. Given that the witness was local and Cowle provides no explanation as to why the witness was unable to testify in person, we conclude that the arbitrators' were well within their discretion to reject his telephone testimony. We further find that the arbitrators' decision to deny Cowle's eleventh-hour request for a continuance does not demonstrate misconduct or partiality. Cowle was afforded months to prepare for the hearing. Finally, we reject Cowle's conclusory assertions that the arbitrators' failure to control the hearing evidences their partiality.

## CONCLUSION

Arbitrators are not guilty of misconduct or partiality merely because they rule in the other party's favor. For the reasons outlined above, we AFFIRM the judgment of the district court denying Cowle's motion to vacate, modify or correct the arbitration award and granting Dain Rauscher's motion to confirm the award.

AFFIRM.