PER CURIAM: **
Volanda Woods initiated this action in the district court seeking enforcement of an arbitration award she obtained against her former employer, P.A.M. Transport, Inc.-L.U. (P.A.M.), on claims arising out of an on-the-job injury. Woods initiated the arbitration proceedings and sought compensation pursuant to the P.A.M. Transport Texas Injury Plan (Plan), an ERISA plan that provides for mandatory arbitration of all on-the-job injury claims. The district court granted Woods’s request for enforcement of the arbitration award after modifying the award of pre-judgment interest. P.A.M. appeals several aspects of the district court’s order. We affirm in part, reverse in part, and remand for further proceedings.
*267 i
P.A.M. initially contended that this court lacked subject matter jurisdiction, asserting that there was no diversity of citizenship, the only basis on which Woods now asserts jurisdiction. P.A.M. has since conceded that there is diversity of citizenship, and we granted leave to amend to reflect that fact.[1]
In the district court, P.A.M. sought to void the arbitrator’s award, challenging the arbitrator’s power to decide the parties’ underlying dispute. P.A.M. asserts that the district court abused its discretion in denying its request for discovery from the American Arbitration Association (AAA) for the purpose of determining when and for what reason the arbitrator was allegedly removed from the AAA’s Roster of Neutrals (Roster). P.A.M. alleges that the arbitrator was removed from the Roster sometime after the arbitration proceedings concluded but before the arbitrator entered the award. P.A.M. further asserts that if the arbitrator was in fact not on the Roster at this time, he exceeded his powers under the Plan, requiring vaca-tur of the award pursuant to 9 U.S.C. § 10(a)(4).
The district court denied P.A.M.’s discovery request, stating that P.A.M.’s assertion that the arbitrator was removed from the Roster alone, without any additional specifics, was not sufficient to support its discovery request and that, in any event, P.A.M. had not demonstrated that the arbitrator’s removal from the Roster would provide sufficient grounds for vaca-tur.
We review a district court’s discovery rulings for abuse of discretion[2] and “will affirm such decisions unless they are arbitrary or clearly unreasonable.”[3] “The party seeking discovery bears the burden of showing its necessity.”[4]
In district court, P.A.M. consistently asserted, on information and belief, that the arbitrator was removed from the Roster prior to entering the award. But, P.A.M. does not provide any additional specifics beyond this assertion. In particular, although acknowledging that the Roster is not publicly available and alleging that the AAA refused to provide P.A.M. with information concerning the Roster, P.A.M. has not provided even the vaguest indication in district court or on appeal of how it may have learned that the arbitrator was in fact removed from the Roster. “Despite having been given time to do so, [P.A.M.] has brought forward nothing to show that its claim [that the arbitrator was not on the Roster when he entered the award] had any semblance of substance or that it was even asserted in good faith. The claim never achieved any more dignity than that of a conclusory statement in an unverified answer [and other court memo-randa].” [5]
*268 Moreover, although P.A.M. argued this issue from the inception of these proceedings, the record indicates that it did not move for discovery until all the party documents were filed (including Woods’s response and P.A.M.’s reply), even though the parties previously jointly moved to extend certain deadlines specifically in order to allow P.A.M. to seek discovery of the matter. “The loser in arbitration cannot freeze the confirmation proceedings in their tracks and indefinitely postpone judgment by merely requesting discovery.”[6] In light of P.A.M.’s inability to produce any information, however vague, substantiating its assertion, its unexplained delay in seeking discovery, and the summary nature of proceedings to confirm an arbitration award, we decline to conclude that the district court abused its discretion in denying P.A.M.’s discovery request,[7] particularly considering the strong policy favoring expeditious enforcement of arbitration awards.[8]
II
P.A.M. also contests the amount of the district court’s award of pre- and post-judgment interest. We agree that the district court erred in its calculation of both pre- and post-judgment interest and reverse that portion of the judgment.
A
The arbitrator’s written decision awards damages by category, including compensation for past and future medical expenses, mental anguish, pain and suffering, physical impairment, and lost earning capacity. It further provides for an award of “prejudgment interest for past pain and suffering under section 304, Sub-chapter B, of the Texas Finance Code, which authorizes prejudgment interest in personal injury cases.” In confirming the award, however, the district court awarded pre-judgment interest on all “past damages awarded” rather than only on the amount attributable to past pain and suffering.
P.A.M. argues that the district court was required to enforce the arbitrator’s award as written and therefore erred in its prejudgment interest calculation. Woods, on the other hand, argues that under the provision of Texas law cited by the arbitrator, an award of pre-judgment interest in personal injury actions must be awarded as a matter of course on the entire amount of damages for past injury, not just pain and suffering. Woods asserts a number of grounds on which she claims the district court was authorized to correct this error.
Woods first argues that the district court had the authority to correct the arbitrator’s alleged error under 9 U.S.C. § 13, which provides that a judgment affirming, modifying, or correcting an arbitration award has “the same force and effect” as, and is “subject to all the provisions of law relating to, a judgment in an action,” and “may be enforced as if it had been ren *269 dered in an action in the court in which it is entered.”[9] Woods contends this provision authorizes the district court “to enter a judgment that complies with [the] law, as if the judgment had been rendered by that court, and not an arbitrator.” This argument is unpersuasive. Under Woods’s broad interpretation of § 18, a district court would be authorized to correct any legal errors committed by the arbitrator. But it is well settled that the district court lacks this authority; its review of arbitration awards is “ ‘extraordinarily narrow,’ ”[10] and an arbitration award is not subject to vacatur or modification merely because of the arbitrator’s error or misunderstanding with respect to the law.[11] Section 13 merely provides that a judgment enforcing an arbitration award has the same effect as any other district court judgment; it does not independently authorize the district court to correct an arbitrator’s erroneous legal ruling.
Alternatively, Woods argues that the district court properly refused to affirm the arbitrator’s award of pre-judgment interest because the arbitrator manifestly disregarded the law. This court previously recognized “manifest disregard for the law” as an additional, nonstatutory basis for vacating an arbitrator’s award.[12] However, in light of the Supreme Court’s decision in Hall Street Associates, L.L.C. v. Mattel, Inc.,[13] which “restricts the grounds for vacatur to those set forth in § 10 of the [FAA],” we have concluded that “manifest disregard of the law is no longer an independent ground for vacating arbitration awards under the FAA.”[14] Moreover, we have never explicitly held that “manifest disregard for the law” could provide an additional ground for modification of an award, and even if we had, Hall Street restricts the grounds for modification of an award to § 11 of the FAA, just as it restricts the grounds for vacatur to those set forth in § 10.[15] Thus, under Hall Street and Bacon, “manifest disregard for the law” is not an independent ground for either vacating or modifying arbitration awards under the FAA.
Finally, Woods argues that the district court acted properly in modifying the arbitrator’s award of pre-judgment interest under 9 U.S.C. § 11(a) and (c), which allow for modification or correction where (1) “there was an evident material miscalculation of figures,”[16] or (2) “the award is imperfect in matter of form not affecting the merits of the controversy.”[17] Both contentions lack merit. First, we have held that “an ‘evident material [miscalculation’ occurs ‘where the record that was before the arbitrator demonstrates an un *270 ambiguous and undisputed mistake of fact and the record demonstrates strong reliance on that mistake by the arbitrator in making his award.’ ” [18] The award in this case does not contain a material miscalculation under this standard, irrespective of whether the arbitrator committed a legal error. Second, the award of prejudgment interest is not merely a matter of form, but goes to the merits of the controversy.[19]
For the reasons discussed above, the district court erred in modifying the arbitrator’s award of pre-judgment interest on past pain and suffering.
B
The arbitrator summarily awarded post-judgment interest “at the maximum rate allowed by law beginning from the issuance of this Award until the Award is satisfied.” Accordingly, the arbitrator largely left the matter of post-judgment interest to the court enforcing the award. In turn, the district court awarded post-judgment interest at the maximum rate allowed by Texas state law, or 7.25%.
P.A.M. argues that the district court erred in looking to Texas law rather than federal law to determine the applicable interest rate. As noted above, under 9 U.S.C. § 13, a judgment of a federal court confirming, modifying, or correcting an arbitration award has the “the same force aná effect” as, and is “subject to all the provisions of law relating to, a judgment in an action,” and “may be enforced as if it had been rendered in an action in the court in which it is entered.”[20] Unlike with pre-judgment interest, the post-judgment interest rate for all judgments entered in federal courts, including those in diversity cases, is governed by 28 U.S.C. § 1961.[21] Pursuant to that statute, the post-judgment interest rate is “equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.”[22] In this case, the district court’s judgment was entered on February 19, 2008, and the applicable rate appears to be 2.04%,[23] though we leave this to the district court to determine in the first instance.
Accordingly, the district court erred in applying Texas law to calculate post-judgment interest. On remand, the district court should recalculate the amount utilizing the appropriate rate.
The district court’s judgment is REVERSED IN PART, and this matter is REMANDED for further proceedings consistent with this opinion.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cm. R. 47.5.4.

. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.”).

. Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 817 (5th Cir.2004).

. Id. (internal quotation marks omitted).

. Freeman v. United States, 556 F.3d 326, 341 (5th Cir.2009).

. See Imperial Ethiopian Gov't v. Baruch-Foster Corp., 535 F.2d 334, 337 (5th Cir.1976) (stating that a party seeking vacatur of an arbitration award based on allegations of a disqualifying connection between the opposing party and the arbitrator does not have an "unqualified right to any discovery it requested, limited by only relevancy,” particularly in a summary proceeding where the party had failed to "come forward with anything tending to show that the claim was asserted in good faith and for any reason other than delay”).

. Id.

. See Lyeth v. Chrysler Corp., 929 F.2d 891, 899 (2d Cir.1991) (stating that the district court did not err in observing that the discovery requests aimed at the AAA were attempts to "engagfe] in a fishing expedition in an attempt to determine if there is some basis, however farfetched, to prosecute a claim of bias”); see also Freeman v. United States, 556 F.3d 326, 341 (5th Cir.2009) ("The party seeking discovery bears the burden of showing its necessity.”).

.Positive Software Solutions v. New Century Mortg. Corp., 476 F.3d 278, 280 (5th Cir.2007) (en banc) ("To assure that arbitration serves as an efficient and cost-effective alternative to litigation, and to hold parties to their agreements to arbitrate, the FAA narrowly restricts judicial review of arbitrator's awards.”).

. 9 U.S.C. § 13(c).

. Harris v. Parker Coll. of Chiropractic, 286 F.3d 790, 792 (5th Cir.2002) (quoting Antwine v. Prudential Bache Securities, Inc., 899 F.2d 410, 413 (5th Cir.1990)).

. See Hall Street Assocs. v. Mattel, Inc., 552 U.S. 576, 584-86, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) (holding that 9 U.S.C. §§10 and 11 provide the exclusive grounds upon which an arbitration award may be vacated or modified, and that the parties may not agree to expand the scope of judicial review to allow vacatur or modification based on the arbitrator’s legal error).

. See Glover v. IBP, Inc., 334 F.3d 471, 474 (5th Cir.2003) (quoting Harris, 286 F.3d at 792).

. 552 U.S. at 584-86, 128 S.Ct. 1396.

. Citigroup Global Markets, Inc. v. Bacon, 562 F.3d 349, 350 (5th Cir.2009) (citing Hall Street Assocs., 552 U.S. at 584, 128 S.Ct. 1396).

. Hall Street Assocs., 552 U.S. at 584, 586, 128 S.Ct. 1396.

. 9 U.S.C. § 11(a).

. Id.% 11(c).

. Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391, 396 (5th Cir.2003) (quoting Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210, 214 (5th Cir.1993)).

. See West Virginia v. United States, 479 U.S. 305, 310, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987) ("Prejudgment interest is an element of complete compensation.” (citation omitted)).

. 9 U.S.C. § 13(c).

. Travelers Ins. Co. v. Liljeberg Enters., Inc., 7 F.3d 1203, 1209 (5th Cir.1993); see also Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co., 744 F.2d 1482, 1484 (11th Cir.1984) (stating that "a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates”).

. 28 U.S.C. § 1961(a).

. Board of Governors of the Fed. Reserve Sys., Market Yield on U.S. Treasury Securities at 1-year Constant Maturity, Quoted on Investment Basis, http://federalreserve.gov/ releases/li 15/data.htm (last updated Apr. 13, 2011).