No. 13,605.

NOFFSINGER *v.* THOMPSON.
(54 P. [2d] 683)

Decided February 3, 1936.

Mr. JEAN S. BREITENSTEIN, Mr. HERBERT E. MANN, for plaintiff in error.

Mr. JOHN W. HENDERSON, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action of one partner against the other for an accounting. Briefly, the issue was whether defendant was indebted to plaintiff, and if so, in what sum. The matter

was submitted to arbitration under chapter 27, Code of Civil Procedure. By determination of two of three arbitrators chosen, the third formally dissenting, plaintiff was denied recovery, and he sought by motion to impeach the award pursuant to section 320 of the Code. To the overruling of his motion he assigns error.

Although other grounds are urged, we examine only plaintiff's claim that one of the arbitrators joining in the award adverse to him erroneously conceived that rather than as an impartial judge it was his duty to represent the party to the litigation responsible for his selection, and so proceeded; that, the contention is, operated to void the finding in which he concurred.

Concededly, the matter in controversy involved intricacies of accounts and accounting not easy of presentation or simple of solution. The showing by plaintiff to the effect that the challenged arbitrator purposed from the beginning to decide in favor of his sponsor to the service, is strong, and this arbitrator's affidavit is consistent with no other conclusion. He stated at the end of the second hearing (which had only fairly begun) that he "was ready to find for the defendant Thompson." The trial judge said of this arbitrator and the situation: He "seems to have made up his mind at the end of the second hearing, much as a judge, although trying to resist, may make up his mind at the end of the first five minutes of the hearing in some instances. He is able, probably, more than an arbitrator, to hold his mind open, because he has practiced that a long time. Of course it would be improper for a judge to allow his mind to become closed at that time, or more improper to express it. It may have been improper for the arbitrator to express an opinion."

It is our view that the arbitrator simply was frank. Very early in the course of the trial, as seen, he announced his conclusion on the merits of the controversy. Throughout, as we think the record discloses, his conception of the function of his office was that of repre-

156

sentation, rather than arbitration. On that hypothesis the honor of the arbitrator is not involved, for he did not fail of his duty.

■ Our fact premise seems well established. The law, as a few quotations will make clear, is not open to question. "An arbitrator is an agent of both parties alike, and not of one party alone, * * *. An arbitrator, in the discharge of his duties as such, is bound to exercise a high degree of impartiality, without the slightest degree of friendship or favor toward either party. It is the arbitrator's first duty to act uprightly and impartially." *People v. Lindsey*, 86 Colo. 458, 283 Pac. 539. "The first great requisite as to persons occupying the post of arbitrator is a judicial impartiality and freedom from bias. In undertaking to act as arbitrators they assume a quasi judicial position." 5 C. J. 63, §130. "If arbitrators conduct themselves with bias or partiality, this amounts in law to misconduct which will warrant the setting aside of the award. And this is so notwithstanding the arbitrator declared that, irrespective of bias, he tried the case fairly." 5 C. J. 190, §482. "An arbitrator is not to be the agent of the party who appoints him, but an impartial judge between the parties." 2 R. C. L. 372, §20. "An arbiter is the agent of both parties alike, and should be as much concerned in the protection of the interests of one party as of the other, giving his decisions with absolute impartiality." *Lantry Contracting Co. v. A. T. & S. F. Ry. Co.*, 102 Kan. 799, 172 Pac. 527.

■ The code section here relied upon (320) provides that an adjudication by arbitrators may be "set aside for fraud or other sufficient cause." Since, as already determined, the arbitrator to whom reference has been made in the course of our discussion misconceived his duty, his participation brought about injustice of decision. The circumstances required abrogation of the award, and the judgment, being erroneous in this respect, should be reversed. Let it be so ordered.

Mr. Chief Justice Campbell dissents.

Mr. Chief Justice Campbell, dissenting.

Chapter 27 of our Code of Civil Procedure of 1921, page 161, provides for a method of submitting controversies to arbitration and the entry of judgment in the district court upon the award of the arbitrators.

The plaintiff Noffsinger brought this action under the provisions of this chapter and no question is raised here as to its propriety. It was for an accounting. The issues were submitted to three arbitrators. Both parties produced evidence. Upon this evidence there was an award by two of the three against the plaintiff Noffsinger, the third arbitrator dissenting. Plaintiff sought to impeach the award under section 320 of the Code, but the trial court found against him and rendered judgment accordingly and he is here with his writ of error thereto. His chief reliance for reversal is that the adverse judgment against him was improperly and corruptly procured by one of the arbitrators. There is no controversy as to the law of the case upon the evidence produced. The sole contention of the plaintiff in error, as indicated, is that the findings of the arbitrators as to the facts are wrong and the trial court's judgment thereon is, therefore, wrong and should be reversed. The evidence is in conflict. There was no prejudicial error in the court's rulings upon the admission and rejection of evidence, and the facts elicited by the defendant, if believed by the majority of the arbitrators, as they evidently were, are legally sufficient in my opinion, considering the record as a whole, to sustain the award of the arbitrators and the judgment thereon. Hence, I think it should be affirmed.