### PETROL CORPORATION v. GROUPE-MENT D'ACHAT DES CARBURANTS. The PETROLITE.

Civ. 47–39.

United States District Court
S. D. New York.

Feb. 2, 1949.

ment D'Achat des Carburants, charterer (hereafter called G.A.C.). The award was made in the Southern District of New York, was signed by the three arbitrators selected pursuant to the arbitration clause, § 31, of a charter party between Petrol and G.A.C. for the S.S. Petrolite, and determined that the charter party required G.A.C., not Petrol, to pay certain "droits de quai". Subsequently, Jarvis, the arbitrator appointed by G.A.C., withdrew his assent and recorded himself as dissenting. Jurisdiction and venue are proper, the cause being cognizable in Admiralty and the charter not having specified the court in which the award might be confirmed; 9 U.S.C.A. §§ 1, 9. Since no request for modification has been made, the award must be confirmed unless it is to be vacated; 9 U.S.C.A. § 9.

In support of the motion to vacate it was urged that Mathiasen, the arbitrator nominated by Petrol, was partial and biased, and Ryan, the umpire selected by Jarvis and Mathiasen pursuant to the terms of the arbitration clause, was guilty of misconduct in failing to consider certain evidence. Upon the argument it was further urged that no notice was given the parties to appear, witnesses were not examined, and no opportunity was given G.A.C. to rebut certain evidence.

No corruption, fraud, or undue means being alleged, nor that the arbitrators exceeded their powers, the remaining statutory grounds for vacating the award are (1) evident partiality in an arbitrator, (2) refusal to hear pertinent and material evidence, and (3) other misbehavior by which a party's rights were prejudiced; 9 U.S.C.A. § 10.

To dispose of the second ground first, I find no refusal to consider evidence.

While it is true that interest or bias may disqualify an arbitrator, it is equally true that this may be waived if a party with knowledge thereof proceeds with the arbitration without objection. Chicago, R. I. & P. R. Co. v. Union Pac. R. Co., 8 Cir., 1918, 254 F. 235; Williston on Contracts, § 1929A (1938).

Petrol's nominee, Mathiasen, was the managing agent and operator of the vessel

Hatch, Wolfe, Nash & Ten Eyck, New York City, William Potter Lage, New York City, of counsel, for Petrol Corporation.

Scoll & Longcope, New York City, David E. Scoll, New York City, of counsel, for Groupement D'Achat.

RIFKIND, District Judge.

These are cross-motions to confirm and to vacate an arbitration award in favor of Petrol Corporation, shipowner (hereafter called Petrol), against Groupe-

which was the subject of the charter party. Petrol informed G.A.C. of Mathiasen's nomination before G.A.C. nominated an arbitrator. Since G.A.C. knew that Mathiasen was the managing agent of the S.S. Petrolite and it was he who first raised the "droits de quai" question with them, its failure to object to him at any time before the award was made clearly constitutes a waiver of any objection to his participation. This is especially true since G.A.C.'s nominee, Jarvis, was likewise not disinterested, being a ship's broker who did business with it before and throughout the proceedings. Cf. Firemen's Fund Ins. Co. v. Flint Hosiery Mills, 4 Cir., 1935, 74 F.2d 533, 535, 104 A.L.R. 556. But cf. Matter of Miller v. Weiner, 1940, 260 App.Div. 444, 23 N.Y.S.2d 120.

It is undisputed that both Mathiasen and Jarvis acted not as judges but as advocates, each presenting his nominator's cause by evidence and argument. Such behavior is highly improper when the award is to be made by a board of arbitrators which is to act as a unit in hearing and deciding the case. Noffsinger v. Thompson, 1936, 98 Colo. 154, 54 P.2d 683. See Matter of American Eagle Fire Ins. Co. v. New Jersey Ins. Co., 1925, 240 N.Y. 398, 405, 148 N.E. 562.

In the case at bar, the arbitration clause of the charter party provided, in part, as follows: "Any * * * disputes * * * arising out of this Charter shall be put to arbitration in the City of New York pursuant to the laws relating to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by the Owner, one by the Charterer, and one by the two so chosen".

The inference may be drawn therefrom that the three persons were intended to act as a board, and that the third person was to be one of three arbitrators, not an umpire. In such an arbitration, failure to notify the parties of the time and place of hearings, and to afford them an opportunity to be heard are grounds for vacating the award. Seldner Corporation v. W. R. Grace & Co., D.C.Md., 1938, 22 F.Supp. 388.

The federal arbitration statute, however, does not prescribe the composition of an arbitration board or the form of its proceedings. Although the charter provided for a three-man board of arbitration, no reason appears why the parties could not mutually agree to let one arbitrator decide the issue, thus treating him as an umpire and the other arbitrators as advocates and agents of the parties designating them. Cf. Hartford Fire Ins. Co. v. Bonner Mercantile Co., 9 Cir., 1893, 56 F. 378, 381.

That Petrol acquiesced in such procedure is undisputed. That it too acquiesced is denied by G.A.C., but I find that it did.

Soon after his appointment, Jarvis conferred with and obtained evidence from G.A.C. Thereupon, Mathiasen and Jarvis agreed upon Ryan as umpire (so Jarvis and counsel for G.C.A. called him). A meeting was held, of which G.A.C. was apprised by Jarvis, at which Jarvis and Mathiasen presented their views and evidence to the umpire. Jarvis reported thereon to G.A.C. which made no suggestion to him or anyone for a formal hearing at which its testimony might be received or its interests might be protected by an advocate other than Jarvis. After the second arbitration meeting, Jarvis asked for and obtained more evidence from G.A.C., still without encountering objection to the procedure. Jarvis was in frequent, if not constant communication with G.A.C. in connection with other business, and kept G.A.C. informed of the course of the arbitration. It is true that G.A.C. was apparently unaware of the exact procedure (if any there be) normally employed in arbitrations, but that cannot vitiate its complete acquiescense in the procedure adopted. In effect, the parties submitted the issue to an umpire through their appointees. It is too late for one party to complain that it would have preferred the arbitration to have been conducted in some other fashion.

The motion to vacate the award is denied.

The motion to confirm the award is granted.

Settle order.