**WESTERN CANADA STEAMSHIP CO., Ltd. v. CIA. DE NAV. SAN LEONARDO. ANGLO CANADIAN SHIPPING CO., Ltd. v. SAN MARTINE COMPANIA DE NAVEGACION, S. A.**

United States District Court S. D. New York.

May 29, 1952.

Burlingham, Veeder, Clark & Hupper, New York City, for Western Canada Steamship Co., Ltd. et al.

Ruth M. McElveney, New York City, for Cia. De Nav. San Leonardo et al.

SUGARMAN, District Judge.

By charter party of May 19, 1950, Western Canada Steamship Company, Ltd., chartered the S.S. Cimon from Cia. De Nav.

San Leonardo and by charter party of July 13, 1950, the Anglo Canadian Shipping Company, Ltd., chartered the S.S. Santa Ana from San Martine Compania De Navegacion, S.A. Both charters contained an arbitration clause in the following language

"17. That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

When disputes arose out of these charter parties, the owners in each instance appointed one Ole Skaarup as its arbitrator under Clause 17 and the charterers similarly appointed one T. E. Bradley.

In September, 1951, Skaarup and Bradley met to appoint a third arbitrator, but finding no substantial dispute as to the merits of the controversies, the two decided to reduce the expense of the arbitration by omitting to appoint and consult with a third arbitrator. They discussed the merits of the controversies on this and another occasion and on December 12, 1951, Skaarup and Bradley awarded $5,536.28 to Cia. De Nav. San Leonardo, and agreed that the arbitrators' fees be paid by Western Canada Steamship Company, Ltd. On the same day they awarded San Martine Compania De Navegacion, S.A., $3,397.18, and it was agreed that Anglo Canadian Shipping Company, Ltd., should pay the arbitrators' fees.

Bradley, in his affidavit, verified March 7, 1952, states that he never informed the charterers that a third arbitrator would not be appointed, although Skaarup did so advise the shipowners. Bradley's explanation

for so acting is his claim that he believed this arbitration was under a clause requiring a third arbitrator only if the two appointed failed to agree. Skaarup, by affidavit verified April 4, 1952, states that Bradley knew the true text of the clause but misconstrued its legal effect, believing that a custom in New York requires a third arbitrator under this clause only when the two already appointed disagree.

On these facts, the owners move for the confirmation of the awards, [motion no. 60] urging that Bradley's misinterpretation of the legal effect of the arbitration clause does not vitiate the proceeding. The charterers, on the other hand, submit that Bradley proceeded under the mistaken notion that the clause in question required a third arbitrator only if he and Skaarup could not arrive at an agreement. This mistake precluded confirmation of the award, they urge, since it deprived them of a trial of the issues by the tribunal to which they were entitled, that is, a panel of three arbitrators. The charterers move for the vacatur of the awards [motion no. 51].

There should be great hesitation in upsetting an arbitration award,[1] and parties contracting for arbitration must be content with its informalities.[2] The United States Arbitration Act in mandatory language directs that the contract provision governing the naming or appointing of the panel of arbitrators shall be followed.[3] Therefore, unless all the arbitrators are appointed and act pursuant to the agreement, absent proof of waiver by the objecting party,[4] the decision of some of them cannot bind the parties. The arbitrators in the instant case, purporting to render an award under the circumstances disclosed, have exceeded their powers[5] since any number less than the entire panel does not constitute the tribunal authorized to hear the allegations and proofs of the parties.[6]

1. Karppinen v. Karl Kiefer Machine Co., 2 Cir., 187 F.2d 32.

2. American Almond Products Co. v. Consolidated Pecan Sales Co., 2 Cir., 144 F.2d 448, 154 A.L.R. 1205.

3. 9 U.S.C.A. § 5.

4. Petrol Corporation v. Groupement

d'Achat Des Car., D.C.S.D.N.Y., 84 F. Supp. 446.

5. 9 U.S.C.A. § 10(d).

6. American Eagle Fire Ins. Co. v. New Jersey Ins. Co., 240 N.Y. 398, 148 N.E. 562.

Accordingly, motion no. 51 to vacate the award is granted and motion no. 60 to confirm the award is denied. Settle an order on each motion.