In the Matter of the Arbitration between
**WESTINGHOUSE ELECTRIC COR-
PORATION, Petitioner,**
and
**REED & MARTIN, INC., d/b/a International Constructors, Respondent.**

**No. 69 Civ. 2453.**

United States District Court,
S. D. New York.

Jan. 15, 1970.

654

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for petitioner.

Ferguson & Burdell, Seattle, Wash., for respondent.

MOTLEY, District Judge.

Petitioner, Westinghouse Electric Corporation (Westinghouse), has moved for an order, pursuant to 9 U.S.C. § 9, confirming an arbitration award made in this district on May 13, 1969, awarding Westinghouse $79,819.59 against respondent, Reed-Martin, Inc., d/b/a International Constructors.

Westinghouse is a Pennsylvania corporation with a place of business in this district. Reed-Martin is an Alaskan corporation with a principal place of business in Hawaii.

Westinghouse, pursuant to the contract out of which the dispute here arose, had agreed to manufacture and to deliver certain electrical equipment to Reed-Martin who had a prime contract with Ryukyu Electric Power Corporation to construct a power plant at a site in Okinawa, Ryukyu Islands. The contract was entered into in July 1963 and included an arbitration clause which provided as follows:

ARTICLE XIV—ARBITRATION

A. The parties have negotiated this Contract in a spirit of mutual trust and cooperation. Should any disagreement arise out of this Contract after it has been executed, the parties shall seek to resolve such disagreement amicably by making sincere efforts to negotiate a mutually acceptable settlement.

B. In the event that the parties should reach an impasse after having explored every reasonable avenue toward the settlement of a disagreement (except one involving a nuclear incident), it shall be finally settled under the Arbitration Rules of the American Arbitration Association. As provided in said Rules, each party shall appoint one arbitrator, and the Court of Arbitration shall appoint the third arbitrator. Arbitration proceedings shall be conducted at such time and place as the Court of Arbitration shall decide. Judgment upon an award may be entered in any court of competent jurisdiction. In the event that the matter in dispute is also in dispute between Purchaser and the Owner, then at the request of either party, arbitration shall be deferred until Purchaser has processed the dispute under the disputes clause of contract NR DA 92-328 ENG 655 (which is G.S.A. General Provision, paragraph 6, January, 1958).

C. Work under this Contract shall continue, if reasonably possible, during any disagreement or arbitration proceedings, and any amount payable to either party under this Contract shall not be withheld on account of such disagreement or proceedings.

(Petitioner's Exhibit A, p. 18)

A dispute arose under the contract in which Westinghouse claimed that Reed-Martin had refused to make a final payment of $81,457.53. Reed-Martin opposed the claim on the ground that Westinghouse had not made timely delivery.

The arbitrators were chosen as provided by the rules of the American Arbitration Association, i. e., one by Westinghouse, one by Reed-Martin, and one by the American Arbitration Association. The time and place of the hearing on Westinghouse's claim in this district was also decided by American Arbitration Association in accordance with its rules. A hearing was held in this district on February 25, 1969, followed by the May 13, 1969 award to Westinghouse of $79,819.59, with interest from September 1, 1965, plus certain costs in the amount of $1,214.27.

The arbitrator chosen by Reed-Martin and its attorneys declined to attend the February 25, 1969 hearing. They objected to a certain preliminary ruling apparently made by the arbitrators on October 4, 1968 excluding a counterclaim made by Reed-Martin and the admission of evidence with respect thereto. They also objected to the place of the hearing. (Transcript of Hearing, 2/25/69, p. 11 and exhibits attached to transcript). The transcript of the hearing indicates that a copy was sent to the arbitrator chosen by Reed-Martin and their attorneys and that they were given a chance to review it before a decision was reached. (Transcript, p. 9). The arbitrator appointed by Reed-Martin dissented from the award and filed a dissenting opinion.

On June 3 Reed-Martin moved in the Superior Court, King County, State of Washington, to set aside the arbitration award under the law of that state on the ground that the parties had agreed that the law of the state of Washington would govern the contract. Three days later, on June 6, 1969 Westinghouse moved in this court for confirmation of the award. Non-resident service was effected on respondent in Hawaii on June

10, 1969, giving notice of the hearing of the instant motion on June 24, 1969. On June 13, 1969 Reed-Martin made an application to the Washington court for a temporary restraining order and order to show cause why Westinghouse should not be enjoined from proceeding in New York. The matter was set down for hearing on June 17, 1969, following which the court issued a temporary restraining order and order to show cause against Westinghouse to be heard on June 27, 1969. As a result, the hearing on the motion in this court was continued until July 1, 1969. On June 27, 1969 the Superior Court of King County, Washington concluded that it had jurisdiction concurrent with the jurisdiction of this Court in this matter but, "in the proper exercise of judicial restraint and for reasons of comity" it would not now interfere with the proceedings in this court. That court thereupon dissolved its temporary restraining order of June 19, 1969 and denied Reed-Martin's application for a permanent injunction against the prosecution of this motion without prejudice to remand from this court.

■ This court has jurisdiction pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1–14, and on the ground of diversity of citizenship of the parties. 28 U.S.C. § 1332. Ballantine Books, Inc. v. Capital Distributing Co., 302 F.2d 17 (2d Cir. 1962). The contract between the parties is one evidencing a transaction involving commerce. 9 U.S.C. § 2. That agreement contains a written provision to settle by arbitration any disagreement arising out of the contract. 9 U.S.C. § 2. Moreover, the agreement between the parties provides that, "Judgment upon an award may be entered in any court of competent jurisdiction." Section 9 of Title 9 provides in pertinent part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award

is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The award was properly made in this district and service was properly effected on Reed-Martin. Petrol Corp. v. Groupement D'Achat Des Carburants, 84 F.Supp. 446 (S.D.N.Y.1949). No motion to vacate, modify or correct the award has been made by Reed-Martin in this court on the grounds specified in 9 U.S. C. §§ 10, 11. In opposition to the motion for confirmation, Reed-Martin has filed a memorandum challenging first the determination of the American Arbitration Association to hold the arbitration hearing in this district. Reed-Martin cites in its memorandum the applicable provision of the arbitration article of the contract which reads:

Arbitration proceedings shall be conducted at such time and place as the Court of Arbitration shall decide.

■ The time and place were chosen by American Arbitration Association. This language, if interpreted to mean that three arbitrators shall choose the time and place as opposed to American Arbitration Association, then it is clear that 2 out of 3 arbitrators ratified American Arbitration Association's choice.

Reed-Martin argues that New York was not convenient for its witnesses and books and records which were located in Hawaii. These books and records and witnesses, it is claimed, were necessary to enable Reed-Martin to prove its counterclaim. But the arbitrators apparently had ruled on October 4, 1968 that Reed-Martin's proof in this respect would be irrelevant because the contract required that Reed-Martin must have paid the prime contractor liquidated dam-

ages for delay before it could recover liquidated damages for delay from Westinghouse. Reed-Martin apparently had admitted that it had not paid any such liquidated damages. (Transcript of 2/25/69, p. 11). Reed-Martin's memorandum (p. 10) states that a letter is attached thereto setting forth the October 4, 1968 ruling, but no such letter was attached. The substance of the ruling, however, may be gleaned from the transcript of the February 25, 1969 hearing at page 11.

Moreover, it appears that Reed-Martin made no objection to the place of the hearing prior to the hearing. (Petitioner's Reply Brief, p. 4).

■ Reed-Martin next challenges the jurisdiction of this court on the ground that it has no contact whatsoever with the state of New York. The answer to respondent's claim is found in 9 U.S.C. § 9 which provides in relevant part as follows:

Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

Reed-Martin does not claim that it was not served by the United States Marshal for the District of Hawaii as the record indicates.

■ Next Reed-Martin argues that the agreement between the parties requires that jurisdiction in this case be exercised by the courts of Washington, the parties having agreed that the law of the state of Washington should gov-

ern their agreement in all respects. But the fact that the contract is governed by Washington law does not oust this court of jurisdiction which is founded upon diversity of citizenship.

Finally, Reed-Martin urges that deference should be shown to the state court where a proceeding is pending even if it be found that this court has jurisdiction. The Washington court before which Reed-Martin's action is pending has ruled, as stated above, that this court has concurrent jurisdiction and already has deferred to this court. It, therefore, would not be an abuse of this court's discretion to proceed to hear the instant motion. Ballantine Books, Inc. v. Capital Distributing Co., *supra*.

This court concludes that since it has jurisdiction it is required by the applicable statute to confirm the award, 9 U.S. C. § 9. Not only has no motion to vacate the award been made in this proceeding, but it does not appear that any basis for vacating, modifying or correcting the award exists.

The award is confirmed.