JUDGE TERRY, concurring in part and dissenting in part.
¶ 71 I concur in Parts II and III of the majority's opinion. But because I conclude that the trial court's order did not hold the insured's appraiser to the standard of impartiality provided for in the insurance policy, I respectfully dissent from the remainder of the majority's opinion.
¶ 72 The trial court's order seems to have been influenced by a perceived imbalance in the power of the insurer as compared with the insured, and by the insurer's ability to hire the same appraiser for numerous claims-an ability not shared by the insured. While those matters may be troubling, the issue in this case is confined to whether the insured's appraiser was impartial, and I have limited my analysis accordingly. I note, however, that the majority's ruling permitting appraisers to be somewhat less than truly impartial may ultimately harm insureds by giving justification to insurers to hire appraisers who are not truly impartial.
¶ 73 I review the contract de novo, and my primary goal is to give effect to the intent of the parties. Ad Two, Inc. v. City & Cty. of Denver , 9 P.3d 373, 376 (Colo. 2000) ; Fibreglas Fabricators, Inc. v. Kylberg , 799 P.2d 371, 374 (Colo. 1990). That intent is determined by looking to the plain and generally accepted meaning of the contract language. Copper Mountain, Inc. v. Indus. Sys., Inc. , 208 P.3d 692, 697 (Colo. 2009). Individual phrases and clauses are not viewed in isolation, but instead the contract is interpreted in its entirety so as to give effect to all provisions so that none will be rendered meaningless. Id.
¶ 74 If the contract is complete and free from ambiguity, it will be found to express the intention of the parties and will be enforced according to its plain language.
*795 Ad Two , 9 P.3d at 376. A contract provision is ambiguous if it is reasonably susceptible of more than one meaning. Cheyenne Mountain Sch. Dist. No. 12 v. Thompson , 861 P.2d 711, 715 (Colo. 1993).
¶ 75 The appraisal provision of the insurance contract, fully excerpted in the majority opinion, required each party to select a "competent and impartial appraiser."
¶ 76 The phrase "impartial appraiser" is not defined in the contract. As a result, I must look to the plain and generally accepted meaning of the term "impartial." The term is defined as "[n]ot favoring one side more than another; unbiased and disinterested; unswayed by personal interest." Black's Law Dictionary 869 (10th ed. 2014) (emphasis added). Given this definition, I find no ambiguity in the contractual phrase. To be impartial as required by the contract, an appraiser may not favor one side more than the other.
¶ 77 Nothing in the contract contemplates that an appraiser may advocate for the party who selects him or her. To conclude otherwise would be to read the term "impartial" completely out of the contract, which we may not do. See Copper Mountain , 208 P.3d at 697.
¶ 78 My interpretation of the appraisal provision is supported by Providence Washington Insurance Co. v. Gulinson , 73 Colo. 282, 283-85, 215 P. 154, 154-55 (1923), in which the supreme court reviewed a similar appraisal dispute provision that called for "disinterested appraisers." As the majority recognizes, in Providence , the nature of the disputed conduct was dissimilar to that of the present case, instead involving an appraiser and an umpire who made an award without giving proper notice to the other appraiser. Id. at 285, 215 P. at 155.
¶ 79 However, regardless of the factual differences between Providence and the present case, the supreme court laid out a general duty of impartiality for appraisers by stating that during the dispute process, "[a]ppraisers are not referees, but their duty of impartiality is the same" as that of a referee. Id. ; cf. Noffsinger v. Thompson , 98 Colo. 154, 156, 54 P.2d 683, 683 (1936) ("An arbitrator, in the discharge of his duties as such, is bound to exercise a high degree of impartiality, without the slightest degree of friendship or favor toward either party.") (citation omitted). I believe that the supreme court's standard of appraiser impartiality arising from a substantially similar appraisal dispute provision in Providence is applicable here and consequently binds us.
¶ 80 I disagree with the majority's assertion that "[t]he [contract] plainly contemplates that the appraisers will put forth a value consistent with the position of the party that selects them." Nowhere in the contract is that stated or implied, and the word "impartial" cannot be reconciled with such a view. On the contrary, the contract term "competent and impartial appraiser" contemplates that the appraiser will make the appraisal using standards of professionalism, and will not rely on the selecting party's desired value.
¶ 81 I conclude that the trial court erred in applying a lesser standard of impartiality than what is required under the contract and under Colorado law. And while the court evaluated the propriety of certain actions taken by the insured's appraiser, it never made specific findings as to whether she was in fact impartial.
¶ 82 I would consequently reverse and remand for the trial court to make additional factual findings as to whether the insured's appraiser was impartial under the impartiality standard described in Providence . If she lacked the requisite impartiality, the damages award should be vacated.